**Slip Op. 18- 128**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARLANXEO USA LLC and ARLANXEO BRASIL S.A., | |
| **Plaintiffs,** | |
| and | |
| INDUSTRIAS NEGROMEX, S.A. DE C.V., INSA, LLC, KUMHO PETROCHEMICAL CO., LTD., and SYNTHOS S.A., | |
| **Consolidated Plaintiffs,** | **Before: Jennifer Choe-Groves, Judge** |
| v. | **Consol. Court No. 17-00247** |
| UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION, | |
| **Defendant,** | |
| and | |
| LION ELASTOMERS LLC, | |
| **Defendant-Intervenor.** | |

### OPINION AND ORDER

[Denying Defendant's Motion to Sever and Dismiss the Complaint and Granting Consolidated Plaintiffs' Cross-Motion for Leave to Construe the Complaint as a Concurrently-Filed Summons and Complaint.]

Dated: September 26, 2018

William C. Sjoberg, Porter, Wright, Morris & Arthur, LLP, of Washington, D.C., for Consolidated Plaintiffs Industrias Negromex, S.A. de C.V. and INSA, LLC.

Consol. Court No. 17-00247                                                      Page 2


Jane C. Dempsey, Attorney, Office of General Counsel, U.S. International Trade Commission, of
Washington, D.C., for Defendant U.S. International Trade Commission.  With her on the brief
were Dominic Bianchi, General Counsel, and Andrea C. Casson, Assistant General Counsel for
Litigation.

Matthew T. McGrath, Barnes, Richardson & Colburn, LLP, of Washington, D.C., for Defendant-
Intervenor Lion Elastomers LLC.


        Choe-Groves, Judge:  This consolidated action challenges the final affirmative material

injury determination issued by the U.S. International Trade Commission ("Defendant," "ITC," or

"Commission") in the antidumping duty investigation of emulsion styrene-butadiene rubber

("ESBR") from Brazil, Mexico, the Republic of Korea ("Korea"), and Poland.  See Emulsion

Styrene-Butadiene Rubber From Brazil, Mexico, Korea, and Poland, 82 Fed. Reg. 43,402 (Int'l

Trade Comm'n Sept. 15, 2017); see also Emulsion Styrene-Butadiene Rubber from Brazil,

Korea, Mexico, and Poland, USITC Pub. 4717, Inv. Nos. 731-TA-1334-1337 (Aug. 2017),

available at https://www.usitc.gov/publications/701_731/pub4717.pdf (last visited Sept. 21,

2018) ("USITC Pub. 4717").  Before the court are two motions.  Defendant filed a Motion to

Sever and Dismiss the Complaint Filed by Industrias Negromex, S.A. de C.V. and INSA, LLC

(collectively, "Consolidated Plaintiffs" or "Industrias").  See Def. United States International

Trade Commission's Mot. Sever & Dismiss Compl. Filed by Industrias Negromex, S.A. de C.V.

& INSA, LLC, May 7, 2018, ECF No. 47; see also Mem. P. & A. Supp. Def. United States

International Trade Commission's Mot. Sever & Dismiss Compl. Filed by Industrias Negromex,

S.A. de C.V. & INSA, LLC, May 7, 2018, ECF No. 47 ("Def.'s Mot.").  Consolidated Plaintiffs

filed a cross-motion for leave to construe their complaint as a concurrently-filed summons and

complaint, or, alternatively, to amend their complaint.  See Cross-Mot. Leave Construe Pls.'

November 7, 2017 Compl. Concurrently Filed Summons & Compl. & Deem Summons &

Compl. Filed November 7, 2017, or, Alternatively, Cross-Mot. Leave Amend Pls.' November 7,

2017 Compl. & Deem Recaptioned Summons & Compl. Filed November 7, 2017 & Resp. Def.'s

Mot. Sever & Dismiss, June 5, 2018, ECF No. 50 ("Pls.' Cross-Mot."). For the following

reasons, the court denies Defendant's motion and grants Consolidated Plaintiffs' cross-motion.

### PROCEDURAL HISTORY

After conducting an investigation, the ITC determined that an industry in the United

States had been materially injured by reason of imports of ESBR from Brazil, Korea, Mexico,

and Poland. See USITC Pub. 4717 at 1. The ITC's final material injury determination was

published in the Federal Register on September 15, 2017. See Emulsion Styrene-Butadiene

Rubber From Brazil, Mexico, Korea, and Poland, 82 Fed. Reg. at 43,402.

Industrias filed their summons on October 10, 2017 and filed their complaint on

November 7, 2017. Industrias pled jurisdiction on the basis of 28 U.S.C. § 1581(c) (2012),

which grants the court exclusive jurisdiction over any civil action commenced to contest a final

determination made by the ITC. The court consolidated four cases challenging the ITC's final

determination on February 9, 2018. See Order, Feb. 9, 2018, ECF No. 35.

Defendant filed a motion to dismiss on May 3, 2018, alleging that the court does not have

jurisdiction because Industrias initiated their case prematurely, before the statutory filing

deadline. See Def.'s Mot. 1. Industrias filed a cross-motion in response, requesting that the

court construe their complaint as a concurrently-filed summons and complaint. See Pls.' Cross-

Mot. 1. Defendant-Intervenor Lion Elastomers LLC supports Defendant's motion. See Def.-

Intervenor Lion Elastomers LLC's Resp. Def.'s Mot. Sever & Dismiss Compl. Filed by

Industrias Negromex, S.A. de C.V., INSA, LLC, & Resp. Cross-Mot. Filed by Industrias

Negromex, S.A. de C.V., INSA, LLC 1–2, June 11, 2018, ECF No. 51; Mem. P. & A. Supp.

Def.-Intervenor Lion Elastomers LLC's Supp. Def.'s Mot. Sever & Dismiss Compl. Filed by

Industrias Negromex, S.A. de C.V. & INSA, LLC, & Deny Cross-Mot. Filed by Industrias

Negromex, S.A. de C.V. & INSA, LLC 1–2, June 11, 2018, ECF No. 51 ("Def.-Intervenor's

Br.").

## ISSUES PRESENTED

The court reviews the following issues:

1.      Whether the statutory time limits set forth in 19 U.S.C. § 1516a deprive the court

        of jurisdiction to hear the claims brought by Consolidated Plaintiffs; and

2.      Whether equitable considerations favor allowing Consolidated Plaintiffs to

        construe their complaint as a concurrently-filed summons and complaint.

## ANALYSIS

**I.      Defendant's Motion to Sever and Dismiss the Complaint**

Defendant and Defendant-Intervenor contend that the statutory time limits set forth in 19

U.S.C. § 1516a(A)(5) are jurisdictional in nature, and that Consolidated Plaintiffs' premature

initiation of their action divests the court of jurisdiction. See Def.'s Mot. 3–4; Def.-Intervenor's

Br. 3–4. Publication in the Federal Register occurred on September 15, 2017. Industrias

initiated their case twenty-five days afterwards, on October 10, 2017. By statute, the first

possible day for Industrias to file their summons was thirty-one days after publication in the

Federal Register, on October 16, 2017. Because Industrias filed too early, Defendant argues that

the court did not have subject matter jurisdiction over the action at the time of filing, the United

States has not waived its sovereign immunity, and therefore the court must dismiss the case. See

Def.'s Mot. 6–7. Consolidated Plaintiffs argue that because the time limits at issue are not

jurisdictional, but rather claim-processing rules, the court should construe the complaint as a

concurrently-filed summons and complaint. See Pls.' Mot. 7–17.

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction

and is "presumed to be without jurisdiction unless the contrary appears affirmatively from the

record." DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (internal

quotations omitted). The party invoking jurisdiction must "allege sufficient facts to establish the

court's jurisdiction," id. (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178,

189 (1936)), and therefore bears the burden of establishing it. Norsk Hydro Can., Inc. v. United

States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court is empowered to hear civil actions

brought against the United States pursuant to the specific grants of jurisdiction enumerated under

28 U.S.C. § 1581(a)–(i). The court must draw all reasonable inferences in the non-movant's

favor when deciding a motion to dismiss. See Henke v. United States, 60 F.3d 795, 797 (Fed.

Cir. 1995).

28 U.S.C. § 1581(c) grants the Court with jurisdiction to decide actions contesting a final

determination in an antidumping or countervailing duty investigation, as described in 19 U.S.C.

§ 1516a(a)(2)(B). When a final determination involves merchandise imported from a North

American Free Trade Agreement country, an action may not be commenced in the Court until

the thirty-first day after which the notice of the determination is published in the Federal

Register. See 19 U.S.C. § 1516a(a)(5)(A). The tolled time frame applies to merchandise

imported from Mexico. See id. at § 1516a(a)(f)(10)(B). "A civil action contesting a reviewable

determination listed in [19 U.S.C. § 1516a] is barred unless commenced in accordance with the

rules of the Court of International Trade within the time specified in such section."  28 U.S.C.

§ 2636(c).

The Supreme Court of the United States has established a "readily administrable bright

line" when analyzing whether a time limit is jurisdictional or nonjurisdictional:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall
> count as jurisdictional, then courts and litigants will be duly instructed and will not
> be left to wrestle with the issue.  But when Congress does not rank a statutory
> limitation on coverage as jurisdictional, courts should treat the restriction as
> nonjurisdictional in character.

Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006) (citations and footnote omitted).  This

"clear-statement rule" continues to apply to cases "not involving the timebound transfer

of adjudicatory authority from one Article III court to another," or, in other words, to an

appeal.  Hamer v. Neighborhood Hous. Servs. of Chicago, 138 S. Ct. 13, 20 n.9 (2017).

> A rule is jurisdictional if the Legislature clearly states that a threshold limitation on
> a statute's scope shall count as jurisdictional. . . . In determining whether Congress
> intended a particular provision to be jurisdictional, we consider context . . . as
> probative of Congress' intent.  Even so, in applying the clear statement rule, we
> have made plain that most statutory time bars are nonjurisdictional.

Id. (internal citations and quotations omitted).

If a time limit rule is jurisdictional in nature, then "a litigant's failure to comply with the

bar deprives a court of all authority to hear a case," and the court must dismiss the action.

United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015).  "Given those harsh

consequences," Defendant carries a high burden to show that the provision at issue is

jurisdictional.  Id. at 1632.  Defendant must prove that Congress clearly intended for the rule to

be jurisdictional in nature through traditional tools of statutory construction, including

consideration of the provision's text, context, and historical treatment.  Id.; see also Sebelius v.

Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824–25 (2013).  "[A]bsent such a clear statement, . . .

'courts should treat the restriction as nonjurisdictional.'"  Auburn Reg'l, 133 S. Ct. at 824

(quoting Arbaugh, 546 U.S. at 516).

The text of 19 U.S.C. § 1516a does not contain any explicit language construing the

statute's time periods as jurisdictional.  See 19 U.S.C. § 1516a; see also Icdas Celik Enerji

Tersane ve Ulasim Sanayi, A.S. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1328, 1334

(2015) ("Icdas"); Baroque Timber Indus. (Zhongshan) Co. v. United States, 36 CIT __, __, 865

F. Supp. 2d 1300, 1306 (2012).  With regard to context, it is notable that the timing provision is

contained within Title 19 of the U.S. Code, whereas the Court's grant of subject matter

jurisdiction is specified in Title 28 of the U.S. Code.  Compare 19 U.S.C. § 1516a with 28 U.S.C.

§ 1581.  This separation indicates an intent to distinguish the time limits from the Court's

authority to hear cases.  See Icdas, 39 CIT at __, 106 F. Supp. 3d at 1334.

As for historical treatment of 19 U.S.C. § 1516a, Defendant relies on two cases from the

U.S. Court of Appeals from the Federal Circuit to support its argument that the timing

requirements listed in the statute are jurisdictional in nature.  See Def.'s Mot. 6 (citing

Georgetown Steel Corp. v. United States, 891 F.2d 1308, 1312–13 (Fed. Cir. 1986); NEC Corp.

v. United States, 806 F.2d 247, 248 (Fed. Cir. 1986)).  Defendant's position is untenable in light

of the U.S. Supreme Court's recent decisions.  The court in Icdas examined U.S. Supreme Court

cases decided after Georgetown Steel Corp. and NEC Corp. and found that the U.S. Supreme

Court's clear pronouncements undercut the holdings of those two cases.  The court finds

similarly with the court in Icdas and concludes that the time limits in 19 U.S.C. § 1516a are

nonjurisdictional in nature based on an analysis of the text, context, and historical treatment of

the statute.

## II.    Consolidated Plaintiffs' Cross-Motion for Leave to Construe the Complaint as a Concurrently-Filed Summons and Complaint

Because the time limits in 19 U.S.C. § 1516a do not divest the court of jurisdiction, the

court now considers whether to grant Consolidated Plaintiffs' Cross-Motion for leave to construe

the complaint as a concurrently-filed summons and complaint.

Under the Rules of the Court, if a plaintiff seeks to amend its complaint more than

twenty-one days after service of the complaint, the complaint may be amended only with the

opposing party's written consent or the court's leave, and the court should freely give leave when

justice so requires.  USCIT R. 15(a)(2).  Granting a litigant leave to amend a complaint lies

within the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S.

321, 330 (1971) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The Supreme Court has

provided the following guidance regarding the circumstances in which a plaintiff should not be

afforded an opportunity to amend a complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason—such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given."[1]

---

[1] The Rules of the Court are, to the extent practicable, in conformity with the Federal Rules of Civil Procedure.  The Rules of the Court at times deviate from the Federal Rules of Civil Procedure where required to tailor the rules to the actions ordinarily brought before the Court.  See, e.g., USCIT R. 56.2.  Except for minor differences in USCIT Rule 15(c)(2), USCIT Rule 15 is identical to Rule 15 of the Federal Rules of Civil Procedure.  Compare USCIT R. 15 with Fed. R. Civ. P. 15.

Foman, 371 U.S. at 182.

USCIT Rule 3 allows for the amendment of a summons at any time on such terms as the court deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the amendment is allowed.  USCIT R. 3(e).  The language present in USCIT Rule 3 is similar to the equitable and lenient standard applicable to amending a complaint under USCIT Rule 15.  See Icdas, 39 CIT at __, 106 F. Supp. 3d at 1332.  The Rules of the Court require pleadings to be construed so as to do justice.  USCIT R. 8(f).

The interests of justice favor granting Industrias' motion.  The court in Icdas held that early notice of an action is "something that is hard to characterize as prejudicial." Icdas, 39 CIT at __, 106 F. Supp. 3d at 1332.  Similarly here, Industrias' early filing of their summons provided Defendant and interested parties with early notice of their challenge to the Commission's final determination.  If Consolidated Plaintiffs are not permitted to amend their pleadings, then they are foreclosed from seeking judicial relief.  The court concludes that Consolidated Plaintiffs have met the equitable standard to amend their complaint.

## CONCLUSION

For the above-mentioned reasons, the court concludes that the time limits prescribed in 19 U.S.C. § 1516a are nonjurisdictional in nature and that the facts of this case justify allowing Consolidated Plaintiffs to amend their pleadings.  Accordingly, upon consideration of Defendant's motion and Consolidated Plaintiffs' cross-motion, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendant's motion is denied; and it is further

     **ORDERED** that Consolidated Plaintiffs' motion is granted.  The summons and

complaint filed by Industrias shall be deemed concurrently filed.


                                 /s/ Jennifer Choe-Groves

                                Jennifer Choe-Groves, Judge


Dated:   September 26, 2018
          New York, New York